THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARTÍN ACOSTA, Defendant and Appellant.

No. 8430. Argued December 13, 1940.—Decided December 16, 1940.

742

*José Veray, Jr.,* for appellant. *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was sentenced for the offense of aggravated assault and battery, in that he, on or about September 7 of last year, in the ward of Caimital Bajo of Aguadilla, did "unlawfully, wilfully, and maliciously, and with the criminal intent to cause grave injury," assault and batter with a pistol William Román Seda, a boy eleven years of age, by firing a shot at him which caused a wound in his left arm. The aggravating circumstances, as set forth in the complaint, consisted in the character of the weapon, and in the fact that the defendant was an adult of robust strength and the party injured a child.

The appellant urges the reversal of the judgment on the ground that the court admitted in evidence the confession of the defendant without the *corpus delicti* having first been established, and on the further ground that the evidence introduced was insufficient.

In order to pass upon both errors assigned, it is necessary that we should make a summary of the evidence which the trial court had before it. From said evidence it

appears that on the day of the occurrence the injured boy and his companion, Alfredo Abril, went out of the school and entered a property, which was later shown to belong to the defendant; that while they were trying to gather some guavas in said property, Román saw, among the branches, a hand with a revolver or pistol and immediately he heard a shot; that they ran away from the place, but immediately he became aware that he was wounded in an arm. It was admitted by the defense that, were the boy Alfredo Abril to testify, he would corroborate the testimony of William Román, and similarly that Dr. Néstor Cardona would testify "that on September 9 of last year he had examined the young man William Román who presented two gunshot wounds, a wound of entrance and another of exit, in the left forearm; that the bullet had apparently penetrated the arm without producing any fracture of the bones; that this injury was comparatively slight and would heal, without leaving (*sic*) any complication whatever."

After that evidence was received, José R. Alvarez, a policeman, testified that on September 8, 1939, he went to investigate this case and on that account he went to look for the defendant at his home, and the latter voluntarily, without the witness making any threat or offer to him, and while they were on their way, told him that he supposed that he had come after him in connection with a bullet wound which a boy had received in an arm; that for a long time avocados and fruits were being stolen from his property and that on the afternoon of the occurrence he went out on an inspection tour and saw some boys who had climbed a tree; that he was carrying a firearm and fired a shot into the air, and subsequently learned that the boy William Román had been wounded.

The testimony of the witnesses Román, Abril, and Cardona, who preceded the policeman on the witness stand, established the *corpus delicti* in this case, as from said testimony it appeared that a person fired a weapon at Román,

744

causing him the wound already mentioned. This constitutes the *corpus delicti* in the present case. The *corpus delicti* having thus been established, it was then perfectly proper to admit the testimony of the Policeman Alvarez, which mainly consisted in the confession that the defendant, in a voluntary way and without the intervention of any inducement or threat, had made to him, such evidence tending to connect the defendant with the commission of the crime. See the case of *People* v. *Matos et al.*, 26 P.R.R. 520, and Underhill on Criminal Evidence, 4th ed., sec. 35, p. 41, cited by the prosecuting attorney *(Fiscal)*.

█ The evidence for the prosecution—there was none for the defense in this case—was sufficient to prove the commission of the crime. The criminal intent can seldom be proved by direct evidence, and it is for that reason that application is made of the fundamental principle of law that every person is responsible for the natural consequences of his own acts. If the defendant made use of a weapon which was capable of causing bodily harm and in firing the same he wounded the boy William Román, an intention to cause the injury is inferred from the act done by him.

In virtue of the foregoing the appeal must be overruled and the judgment appealed from affirmed.